FILED
JAN 23 2018
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| DAWN MUIR,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 1:17-CV-01028-CBK<br><br>MEMORANDUM OPINION<br>AND ORDER |

Petitioner was originally charged with theft of funds from an agency receiving federal funds but pleaded guilty to a superseding information charging larceny. She was sentenced to 41 months custody and $29,973.13 restitution. She filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and that motion is pending.

Petitioner has filed a motion for release to a half-way house pending resolution of her motion to vacate. The federal Bureau of Prisons ("BOP") has calculated petitioner's release date as February 13, 2019. https://www.bop.gov/inmateloc/ (visited January 9, 2018).

Congress has entrusted to the BOP the determination of the placement of federal defendants sentenced to a term of custody. 18 U.S.C. § 3621(b). Pursuant to the Second Chance Act of 2007: Community Safety Through Recidivism Prevention, Pub. L. 110-199, 122 Stat. 657, the BOP is directed:

> [t]o the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Pub. L. 110-199, § 251, codified at 18 U.S.C. § 3624(c)(1). The prerelease custody provision does not mandate that the BOP place a particular inmate in a residential reentry center and, if such placement is made, does not mandate any particular length of placement. Clearly, Congress vested the BOP with discretion as to such matters. While the district court may recommend the place of imprisonment, 18 U.S.C. § 3621(b)(4), the Second Chance Act specifically provides that such recommendation is not binding upon the BOP:

> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

Pub. L. 110-199, § 252, codified at 18 U.S.C. § 3621(b).

The district court has inherent authority to release an inmate pending disposition of a motion to vacate under § 2255. Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986) ( "In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his [or her] application for a writ of habeas corpus.").

> Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that "presents not merely a clear case on the law, but a clear, and readily evident, case on the facts," but also the existence of "some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice." Habeas petitioners are rarely granted release on bail pending disposition or pending appeal.

*Id.* (internal citations omitted). Petitioner contends that she is entitled to vacation of her sentence based upon claimed ineffective assistance of counsel concerning the issue of restitution. She has set forth no claim or evidence that a circumstance

exists making her request for release exceptional. In any event, her motion to vacate does not present a claim that is a clear and readily evident case on the facts.

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 9, for release is denied.

DATED this 15th of January, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge