
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DAWN MUIR,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:17-CV-01028-CBK<br><br>ORDER |

Petitioner pleaded guilty to a superseding information charging larceny and was sentenced to 41 months custody and $29,973.13 restitution. She filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that she received ineffective assistance of counsel at sentencing because counsel did not call any witnesses on her behalf at sentencing. She also claims counsel failed to appraise her that there was a lack of evidence in the nature of vouchers or receipts, which evidence she could have provided to the Court and which would have reduced the amount of restitution she was ordered to pay.

Petitioner has filed a motion to amend her petition to include additional allegations of ineffective assistance of counsel. Petitioner's trial counsel has not yet filed his affidavit and the respondent has therefore not filed its response to the motion to vacate. Petitioner's motion to amend is therefore timely.

Respondent filed a motion to dismiss based upon petitioner's claimed failure to timely file the attorney-client privilege waiver. Respondent has filed a motion to withdraw the previously filed motion to dismiss as petitioner did timely submit the waiver.

Petitioner has filed motions for the appointment of counsel. Petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is

committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). Appointment of counsel in section 2255 proceedings is governed by the Criminal Justice Act, 118 U.S.C. § 3006A. 28 U.S.C. § 2255(g). The Court may appoint counsel in a § 2255 case if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). If the Court conducts an evidentiary hearing, the appointment of counsel is required. Rule 8(c) of the Rules Governing § 2255 Proceedings For The United States District Courts. "If no evidentiary hearing is necessary, the appointment of counsel is discretionary." Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors.

Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (internal citations omitted).

The appointment of counsel is not required in this case at this time.

Good cause appearing,

IT IS ORDERED:

1. Petitioner's motion, Doc. 17, to amend her motion to vacate is granted. Trial counsel and the respondent shall address the additional matters raised in the amendment.

2. Respondent's motion, Doc. 19, to withdraw its motion to dismiss is granted. The motion, Doc. 14, to dismiss is withdrawn.

2

3. Petitioner's motions, Docs. 12 and 16, to appoint counsel are denied.

DATED this 9th of March, 2018.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge